**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | Case No. 3:15cr52 |
| ) | |
| **MICKEL L. MARZOUK** ) | |
| ) | |
| **Defendant** ) | |

**DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEAS**

The defendant, Mickel L. Marzouk, by counsel, hereby files this Motion to Withdraw Guilty Pleas, pursuant to Rule 11(d)(2)(B) of the Federal Rules of Criminal Procedure. This Motion is filed in response to this Court's Order of November 4, 2015, directing Mr. Marzouk to address the affect, if any, of the recent U.S. Supreme Court case of *Johnson v. United States*, 135 S. Ct. 2551 (2015), on his pleas of guilty. As argued below, Mr. Marzouk, based on *Johnson*, seeks to withdraw his guilty pleas as to both counts of the pending Criminal Information.

In support of this Motion to Withdraw Guilty Pleas, Mr. Marzouk argues that an offense under 18 U.S.C. § 1951(a) does not constitute a crime of violence under 18 U.S.C. § 924(c)(3)(A) and the residual clause of 18 U.S.C. § 924(c)(3)(B) is void for vagueness in light of the recent decision of *Johnson v. United States*, 135 S. Ct. 2551 (2015) (hereinafter "*Johnson* 2015"). As such, Mr. Marzouk is legally innocent of the charges of possession, use, carry, and brandishing a firearm during and in relation to a crime of violence under 18 U.S.C. § 924(c). Therefore, he respectfully requests leave to withdraw his guilty pleas so that he may file a

motion to dismiss Counts One and Two of the Criminal Information for failure to state an offense under Fed. R. Crim. P. 12(b)(3)(B)(v).

## Argument

**I. Mr. Marzouk Is Legally Innocent of 18 U.S.C. § 924(c) Because Hobbs Act Robbery Is Not A Categorical "Crime of Violence," Pursuant To 18 U.S.C. § 924(c)(3)(A), And The Residual Clause of 18 U.S.C. § 924(c)(3)(B) Is Unconstitutionally Vague.**

Mr. Marzouk is charged with two counts of brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). For purposes of § 924(c), "crime of violence" means a felony which:

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).

An offense qualifies as a crime of violence if it meets one of two definitions. The first is contained within the "force clause" and encompasses crimes that necessarily require an element involving "the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). The second provision is the residual clause within § 924(c)(3)(B).

In this case, the Criminal Information cites 18 U.S.C. § 1951(a), Hobbs Act robbery, as the predicate "crime of violence." To determine whether a predicate offense qualifies as a "crime of violence" under the force clause, courts must use the categorical approach. *See Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013); *United States v. Royal*, 731 F.3d 333, 341–42 (4th Cir. 2014). This requires courts to "look only to the statutory definitions—i.e., the elements—of a defendant's [offense]" and not to the particular facts underlying the offense in determining

whether it qualifies as a crime of violence. *Descamps*, 133 S. Ct. at 2283; *Royal*, 731 F.3d at 341–42. Because Hobbs Act robbery does not categorically qualify as a crime of violence under the force clause, and the residual clause is unconstitutionally vague, *cf. Johnson*, 135 S. Ct. at 2558, Mr. El Shamy is legally innocent and may not be subject to conviction or punishment.

> A. **Hobbs Act Robbery Is Not A Crime of Violence For Purposes of The Force Clause of 18 U.S.C. § 924(c)(3)(A) Because It Does Not Require The Use of Violent, Physical Force As An Element**

The court's first step is to look at the Hobbs Act and determine that it is a divisible statute with alternative elements creating multiple crimes. *See* 18 U.S.C. § 1951(a) (proscribing robbery, extortion, attempt, and conspiracy); *Omargharib v. Holder*, 775 F.3d 192, 198 (4th Cir. 2014) (finding a crime to be divisible if it sets out elements in the alternative and creates multiple versions of the crime). The court must then use the modified categorical approach and find robbery to be the predicate crime for 18 U.S.C. § 924(c). Although Hobbs Act robbery requires "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will," 18 U.S.C. § 1951(b), it may be executed by alternative means. 18 U.S.C. 1951(b)(1) ("[B]y means of actual or threatened force, or violence, or fear of injury, immediate or future . . . ."). These alternatives do not constitute divisible elements, therefore the categorical approach is used when determining whether the crime of robbery is a "crime of violence" for purposes of 18 U.S.C. § 924(c). *See United States v. Evans*, 2015 U.S. Dist. LEXIS 142477, at *7 (E.D.N.C. Oct. 20, 2015).

To be a crime of violence under the force clause of § 924(c)(3)(A), Hobbs Act robbery must require "as an element the use, attempted use, or threatened use of physical force" against the person or property of another. *Id*. Even "the most innocent conduct" proscribed by the Hobbs Act must qualify as a crime of violence to justify a conviction of 18 U.S.C. § 924(c). *United*

3

*States v. Torres-Miguel*, 701 F.3d 165, 167 (4th Cir. 2012) (citing *United States v. Diaz-Ibarra*, 522 F.3d 343, 348 (4th Cir. 2008)). If "any one of the available means of violating the statute is nonviolent, under the categorical approach the offense is not a crime of violence within the meaning of the force clause, irrespective of the defendant's actual conduct." *United States v. Naughton*, 2015 U.S. App. LEXIS 15592, at *17–18 (4th Cir. Sept. 2, 2015) (citing *Descamps*, 133 S. Ct. at 2285-86 (2013)).

Section 924(c)(3)(A) requires a crime of violence to involve physical force. *Id*. The term "physical force" is not defined and receives its ordinary meaning. *United States v. Johnson*, 559 U.S. 133, 138 (2010) (interpreting the same language contained within the "force clause" of 18 U.S.C. § 924(e)(2)(B)(i) as used in 18 U.S.C. § 924(c)(3)(A)) (hereinafter "*Johnson* 2010"). Within the context of a felonious "crime of violence," the phrase "physical force" is a crime of "violent force—force capable of causing physical pain or injury to another person." *Johnson*, 559 U.S. at 140 (interpreting "physical force" as violent force when attached to felonious acts); *compare with United States v. Castleman*, 134 S. Ct. 1405 (2014) (finding lesser degrees of force to suffice when attached to misdemeanors); *see also United States v. Shell*, 789 F.3d 335, 341 (4th Cir. 2015) (reiterating that "physical force" means "violent force" in this context); *United States v. Aparicio-Soria*, 740 F.3d 152, 154 (4th Cir. 2014) (en banc) (same); *United States v. Cruz-Rivera*, 2015 U.S. Dist. LEXIS 143913, at *3 (D.P.R. Oct. 21, 2015) (finding the interpretation of "physical force" in *Johnson* 2010 to apply to 18 U.S.C. § 924(c)(3)(A)). Hobbs Act robbery does not qualify as a crime of violence under the force clause of § 924(c) because the scope of § 1951(b)(1) encompasses activity that does not involve the use, attempted use, or threatened use of violent force.

1.  **Interpreting Hobbs Act Robbery To Only Proscribe Acts of Violent Force Would Narrow The Statute's Scope And Render Portions of 18 U.S.C. § 1951(b)(1) Meaningless In Violation of The Canon Against Surplusage**

According to 18 U.S.C. § 1951(b)(1), robbery can be achieved by means of "actual or threatened force, *or* violence, *or* fear of injury . . . ." *Id.* (emphasis added). This list must be read to encompass methods other than the use of violence, thereby proscribing conduct beyond the scope of § 924(c)(3)(A). To find the Hobbs Act necessarily involves violence would narrow the statute's scope and nullify the independent terms "actual or threatened force" and "fear of injury."

The Hobbs Act is considered "to be a broadly drawn statute" and cases construing the Act repeatedly emphasize that Congress wanted "to use all of the constitutional power it had to punish interference with interstate commerce." *United States v. Sander*, 615 F.2d 215, 218 (5th Cir. 1980); *Stirone v. United States*, 361 U.S. 212 (1960) ("[The] Act speaks in broad language, manifesting a purpose to use all the constitutional power Congress has . . . ."). Courts must hesitate to render portions of the same law to be superfluous, especially when a sensible construction will render every word operative. *See, e.g.*, *Yates v. United States*, 135 S. Ct. 1074, 1085 (2015) ("The canon against surplusage is strongest when an interpretation would render superfluous another part of the same statutory scheme."); *United States v. Jicarilla Apache Nation*, 131 S. Ct. 2313, 2330 (2011).

2.  **The Most Innocent Conduct Proscribed By 18 U.S.C. § 1951(b)(1) Does Not Qualify As A Crime of Violence**

Section 1951(b)(1) encompasses the use of actual or threatened "force" without qualifying the degree or sort of force applied. 18 U.S.C. § 1951(b)(1). Because the statute is read broadly, *Stirone*, 361 U.S. at 215, it must be interpreted to include the use, attempted use, or threatened

use of any and all force, whether it is slight, nonviolent, or non-physical. *Cf. Johnson*, 559 U.S. at 138 ("It is the noun that poses the difficulty; 'force' has a number of meanings."). Even if robbery necessarily involves physical force, Hobbs Act robbery proscribes activity not covered by the violent force requirements of 18 U.S.C. § 924(c)(3)(A). *Cf. Shell*, 789 F.3d at 340–41.

Robberies can inherently take place without violent force.[1] *See United States v. Litzy*, 2015 U.S. Dist. LEXIS 137355, at * 16 (S.D. W. Va. Oct. 8, 2015) ("Following the categorical approach, a conviction under [Ohio's robbery statute] cannot constitute a predicate crime of violence under § 4B1.2(a)'s force clause because offenses under [the Ohio statute] may be committed without 'physical force,' as that term is defined in *Johnson* (2010)."); *see also United States v. Jarmon*, 596 F.3d 228, 230 (4th Cir. 2010) (finding the act of snatching property "from the victim's person may not inflict severe pain or injury, but it may do so," and holding that

---

[1] *See, e.g.*, *United States v. Mathis*, 963 F.2d 399 (D.C. Cir. 1992) (finding a robbery conviction under the D.C. Code to be a crime of force or violence according to the District's code but did not meet the federal definition of a violent felony under 18 U.S.C. § 924(e)); *United States v. Oliveira*, 798 F. Supp. 2d 319, 331 (D. Mass. 2011) ("[P]urse-snatching constitutes robbery, rather than larceny of the person, where 'the actual force used is sufficient to produce awareness, although the action may be so swift as to leave the victim momentarily in a dazed condition, the requisite degree of force is present to make the crime robbery.'"); *United States v. Cornish*, 1996 U.S. Dist. LEXIS 3838, at *8 (E.D. Pa. Mar. 28, 1996) ("[I]t is doubtful that a pickpocket or purse snatch [robbery] conviction in which the use of force consisted solely of seizing the victim's property was what Congress meant to classify as a 'violent felony.'"); *McCode v. Ziegler*, 2014 U.S. Dist. LEXIS 118997, at *15 (S.D. W. Va. Aug. 4, 2014) (examining the Pennsylvania robbery statute in light of *Johnson* 2010 and finding subsections (iii) and (v) ("physically tak[ing] or remov[ing] property from the persona of another by force however slight") are not violent felonies under the ACCA); *United States v. Pledge*, 51 Fed. Appx. 911 (4th Cir. 2002) (affirming Hobbs Act robbery conviction of police officer who took money, drugs, and weapons from drug dealers in exchange for not arresting them, even though no overt threat of violence or physical harm existed); *United States v. Snell*, 432 Fed. Appx. 80 (3d Cir. 2011) (affirming Hobbs Act robbery conviction for police officer who handcuffed and detained victims without threatening violence or other physical harm); *State v. Curley*, 123 N.M. 295, 297 (N.M. Ct. App. 1997) ("When property is attached to the person or clothing of a victim so as to cause resistance, any taking is a robbery, and not larceny, because the lever that causes the victim to part with the property is the force that is applied to break that resistance.").

larceny from the person is not a "crime of violence" under the force clause of the career offender Guideline).

Congress defined Hobbs Act robbery "more broadly than its traditional common law scope," *Evans*, 2015 U.S. Dist. LEXIS 142477, at *13, and common law robbery involves even the slightest of noticeable force, not just the use or threat of violence:

> Taking the owner's property by stealthily picking his pocket is not taking by force and so is not robbery; but if the pickpocket or his confederate jostles the owner, or if the owner, catching the pickpocket in the act, struggles unsuccessfully to keep possession, the pickpocket's crime becomes robbery. To remove an article of value, attached to the owner's person or clothing, by a sudden snatching or by stealth is not robbery unless the article in question (e.g., an earring, pin or watch) is so attached to the person or his clothes as to require some force to effect its removal.

W. LaFave & A. Scott, Jr., *Substantive Criminal Law* § 8.11 at 445–46 (2d ed. 1986)

The Hobbs Act is read as broadly as possible and traditional concepts of robbery found within statutes and common law proscribe the taking of another's property via nonviolent force, therefore Hobbs Act robbery does not qualify as a "crime of violence" according to 18 U.S.C. § 924(c)(3)(A). *See Aparicio-Soria*, 740 F.3d at 157 (4th Cir. 2014) (reiterating that crimes containing elements of physical contact or force, such as resisting arrest, are not inherently "crimes of violence" under the force clause).

### B. The Residual Clause of 18 U.S.C. § 924(c)(3)(B) Is Unconstitutionally Vague

The Fifth Amendment provides "no person shall . . . be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. This guarantee is violated by taking away someone's life, liberty, or property under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement. *Johnson*, 135 S. Ct. at 2556 (citing *Kolender v. Lawson*, 461 U.S. 352, 357–58

(1983)). The prohibition of vagueness in criminal statutes "is a well-recognized requirement, consonant alike with ordinary notions of fair play and the settled rules of law," and a statute that flouts it "violates the first essential of due process." *Id*. at 2557 (citing *Connally v. General Constr. Co.*, 269 U.S. 385, 391 (1926)). The Fourth Circuit has avoided ruling whether the residual clause in 18 U.S.C. § 924(c)(3)(B) remains constitutional in light of *Johnson* 2015. *See Naughton*, 2015 U.S. App. LEXIS 15592, at *20; *United States v. Fuertes*, 2015 U.S. App. LEXIS 14475, at *30-31 (4th Cir. Aug. 18, 2015). Not only does § 924(c)(3)(B) suffer from the same indeterminacy as the ACCA's residual clause, voidance is more appropriate in this case.

    1.    **The Residual Clause Has No Viable Standards For Application**

Prior to the Supreme Court's decision in *Johnson* 2015, courts determined whether the ACCA's residual clause covered predicate crimes by picturing the kind of conduct the crimes involved in "the ordinary case" and then judged whether these abstractions presented "serious potential risks" of physical injury. *Johnson*, 135 S. Ct. at 2557 (citing *James v. United States*, 550 U.S. 192, 208 (2007)). This exercise went beyond deciding whether the creation of risk was an element of the crime because, unlike the force clause, the residual clause asks whether the crime 'involves conduct' that presents risk of physical injury." *Id*.

The *Johnson* 2015 Court found "the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges" and was therefore unconstitutionally vague. *Id*. ("How does one go about deciding what kind of conduct the 'ordinary case' of a crime involves? 'A statistical analysis of the state reporter? A survey? Expert evidence? Google? Gut instinct?'") (citing *United States v. Maye*r, 560 F.3d 948, 952 (9th Cir. 2009) (Kozinski, C. J., dissenting from denial of rehearing en banc)).

As with the ACCA's residual clause, § 924(c)(3)(B)'s definition of a "crime of violence" requires courts to inquire whether the predicate offense encompasses conduct that "by its nature" presents "a substantial risk of force" in the "ordinary case." *See, e.g.*, *Leocal v. Ashcroft*, 543 U.S. 1, 11 (2004) (applying the "ordinary case" analysis to the identical language of § 924(c)(3)(B) in 18 U.S.C. § 16(b)); *United States v. Avila*, 770 F.3d 1100, 1107 (4th Cir. 2014) (same) (quoting *James*, 550 U.S. at 208); *see also United States v. Ayala*, 601 F.3d 256, 267 (4th Cir. 2010) (relying on ACCA case law to interpret "crime of violence" under § 924(c)(3)(B)).

Section 924(c)(3)(B)'s definition of a crime of violence offers no more of a "reliable way to choose between these competing accounts" of what a crime looks like in the ordinary case than the provision invalidated in *Johnson* 2015. *Cf. Johnson*, 135 S. Ct. at 2557–58 (applying and invalidating the "ordinary case" inquiry); *see also Dimaya v. Lynch*, 2015 U.S. App. LEXIS 18045, 2015 WL 6123546, at *12–13 (9th Cir. Oct. 19, 2015) (finding the residual clause of 18 U.S.C. § 16(b), with the same language as § 924(c)(3)(B), suffers from the same indeterminacy as the ACCA's residual clause and is therefore void in light of *Johnson* 2015). It leaves "grave uncertainty about how to estimate the risk posed by a crime" because "it ties the judicial assessment of risk to a judicially imagined 'ordinary case' of a crime, not to real-world facts or statutory elements." *See Johnson*, 135 S. Ct. at 2559 (finding *James*, 550 U.S. 192, *Chambers v. United States*, 555 U.S. 122 (2009), and *Sykes v. United States*, 564 U.S. 1 (2011), failed to establish "any generally applicable test that prevents the risk comparison required by the residual clause from devolving into guesswork and intuition").

The Supreme Court's reason for invalidating the residual clause in *Johnson* 2015 applies with equal force to the language and identical methods of analysis in § 924(c)(3)(B). Even though many statutes require judges to apply standards measuring various degrees of risk, *see*

Supplemental Brief for Respondent at 1a, *Johnson v. United States*, 135 S. Ct. 2551 (2015) (No. 13-7120) (cataloguing federal statutes), the vast majority of those statutes pose no vagueness problems because they "call for the application of a qualitative standard such as 'substantial risk' *to real-world conduct*." *Id.* at 2561 (emphasis added). "Almost all of the cited laws" require gauging the riskiness of conduct in which an individual defendant engages "on a particular occasion." *Id.* (detailing the modified categorical approach). Neither the provision at issue, nor the provision in *Johnson* 2015, is one of those statutes. Instead, the judicial analysis is standardless and looks generally to the "nature" of the offense. 18 U.S.C. § 924(c)(3)(B).

Even if the uncertainty in determining the "ordinary case" of a predicate crime was not enough to invalidate the residual clause in *Johnson* 2015, it became sufficient when compounded by the uncertainty of how courts determine the satisfactory degree of risk associated with the crime. *See Johnson*, 135 S. Ct. at 2558. The ACCA's violent felony definition required judges to apply "an imprecise 'serious potential risk' standard . . . to [the] judge-imagined abstraction" of a crime in the ordinary case. *Id*. The same is equally true in this case. The predicate crimes in *Johnson* 2015 and this case remain subject to the same categorical approach. *See id.* at 2557, 2561; *Evans*, 2015 U.S. Dist. LEXIS 142477, at *6 (applying the categorical approach to Hobbs Act robbery in 18 U.S.C. § 1951(b)(1)).

Section 924(c)(3)(B) gives judges no more guidance than the ACCA as to what constitutes a "substantial enough risk of force to satisfy the statute." *See Dimaya*, 2015 U.S. App. LEXIS 18045, 2015 WL 6123546, at *19 (interpreting the same language in 18 U.S.C. § 16(b)). Accordingly, *Johnson* 2015's holding with respect to "serious potential risk" standard is applicable to § 924(c)(3)(B)'s "substantial risk" inquiry. Section 924(c)(3)(B)'s definition of a crime of violence combines "indeterminacy about how to measure the risk posed by a crime with

indeterminacy about how much risk it takes for the crime to qualify as" a crime of violence. *Cf. Johnson*, 135 S. Ct. at 2558. This combination of indeterminate inquiries subjects both clauses to the same unpredictability and arbitrariness, therefore the two sections suffer from the same constitutional defects and *Johnson* 2015 dictates that § 924(c)(3)(B) is void for vagueness. *Cf. Dimaya*, 2015 U.S. App. LEXIS 18045, 2015 WL 6123546, at *12–13.

### 2. Differences Between The ACCA's Residual Clause And 18 U.S.C. § 924(c)(3)(B) Are Either Immaterial or Make The Latter Provision Even More Vague

The only cases addressing *Johnson* 2015's applicability to the residual clauses outside the ACCA have found the similar provisions to be unconstitutionally vague. *Id*. (applying *Johnson* 2015 to 18 U.S.C. § 16); *United States v. Madrid*, 2015 U.S. App. LEXIS 19133 (10th Cir. Nov. 2, 2015) (applying *Johnson* 2015 to U.S.S.G §4B1.2); *United States v. Taylor*, 2015 U.S. App. LEXIS 17665 (8th Cir. Oct. 9, 2015) (same); *Litzy*, 2015 U.S. Dist. LEXIS 137355, at *25 (same). Every case dismissing this argument has either done so in dicta after finding a relevant "force clause" applied, or declined to address the argument at all.[2] Although there are some minor distinctions between the text of the residual clause of § 924(c)(3)(B) and that of the ACCA, they do not undermine the applicability of *Johnson* 2015's fundamental holding to this case. *See Dimaya*, 2015 U.S. App. LEXIS 18045, 2015 WL 6123546, at *12–13.

---

[2] *See, e.g.*, *United States v. Lusenhop*, 2015 U.S. Dist. LEXIS 112506 (S.D. Ohio Aug. 25, 2015); *United States v. Brownlow*, 2015 U.S. Dist. LEXIS 144784 (N.D. Ala. Oct. 26, 2015) (erroneously applying the modified categorical approach to both 18 U.S.C. § 1951(a) *and* 18 U.S.C. § 1951(b)(1) before bypassing the *Johnson* 2015 argument); *United States v. Standberry*, No. 3:15CR102-HEH, 2015 U.S. Dist. LEXIS 138355, 2015 WL 5920008 (E.D. Va. Oct. 9, 2015) ("Given the Court's finding . . . it will decline to venture onto the less firm terrain of § 924(c)(3)(B)."); *Evans*, 2015 U.S. Dist. LEXIS 142477 ("[T]he court declines to determine whether the residual clause is constitutional in light of *Johnson* 2015."); *United States v. Cruz-Rivera*, 2015 U.S. Dist. LEXIS 143913 (D.P.R. Oct. 21, 2015) (same).

11

    **a.    The Enumeration Or Omission Of Specific Offenses In The Statute Has No Material Impact On The Constitutional Viability Of The Residual Clause**

Section 924(c)(3)(B) differs from the ACCA in that it does not contain an introductory list of enumerated crimes in addition to the residual clause. *See* 18 U.S.C. § 924(e)(2)(B)(ii) (listing violent crimes to include burglary, arson, or extortion, crimes involving use of explosives, and any crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another"). The enumerated offenses in the ACCA's residual clause do not materially distinguish this case. The *Johnson* 2015 Court explicitly relied on two features of the ACCA while invalidating its residual clause, neither of which was the enumeration of offenses.

> Two features of the residual clause conspire to make it unconstitutionally vague. In the first place, the residual clause leaves grave uncertainty about *how to estimate* the risk posed by a crime . . . At the same time, the residual clause leaves uncertainty about *how much risk it takes* for a crime to qualify as a violent felony.

*Johnson*, 135 S. Ct. at 2558 (emphasis added).

Though relevant, the enumerated list was not outcome determinative in *Johnson* 2015. If anything, the omission of enumerated offenses in § 924(c)(3)(B) makes the statute more vague. Under the *ejusdem generis* canon, the enumeration of specifics is used as a guide for interpreting associated generalities. *See, e.g.*, *James*, 550 U.S. at 203 ("[W]e look to the statutory language for guidance. The specific offenses enumerated in clause (ii) provide one baseline from which to measure whether other similar conduct "otherwise . . . presents a serious potential risk of physical injury"). Without any baseline for guidance in § 924(c)(3)(B), courts are forced to engage in an even more arbitrary endeavor by determining what felony offense fails to require the use of violent force as an element under the force clause, but also "by its nature, involves a substantial risk" that violent physical force is used in the commission of the offense. 18 U.S.C. §

924(c)(3)(B). The residual clause is, at a minimum, as vague as the invalidated portion of the ACCA and is possibly even more indeterminate.

> **b. Both The Residual Clause In The ACCA and 18 U.S.C. § 924(c)(3)(B) Require The Court To Look At The Predicate Offense Generally Rather Than The Defendant's Actual Conduct**

Whether an offense is "by its nature" a crime of violence requires examining whether a substantial risk of physical force occurs during the ordinary commission of the offense. 18 U.S.C. 924(c)(3)(B). *Cf. Leocal v. Ashcroft*, 543 U.S. at 11 ("In the 'ordinary or natural' sense can it be said that a person risks having to 'use' physical force against another person in the course of operating a vehicle while intoxicated and causing injury.")

The ordinary case inquiry requires looking at the offense in the abstract rather than in the particular case. The language requires courts to "look to the elements and the nature of the offense of conviction, rather than to the particular facts relating to petitioner's crime." *Id.* at 8. In *Johnson* 2015, the Supreme Court explicitly denied Justice Alito's invitation to look at a defendant's actual conduct when applying the residual clause of the ACCA. *Johnson*, 135 S. Ct. 2561 ("Finally, the dissent urges us to save the residual clause from vagueness by interpreting it to refer to the risk posed by the particular conduct in which the defendant engaged, not the risk posed by the ordinary case of the defendant's crime."). Not only does the *Johnson* 2015 decision weigh against the application of the "actual case" approach, the "ordinary case" analysis is even more appropriate according to the plain language of § 924(c)(3)(B). At least one court has erroneously distinguished the residual clause of § 924(c)(3)(B) from the ACCA by determining that the "actual case," or modified categorical approach, rather than the "ordinary case" inquiry applies. *See Prickett*, 2015 U.S. Dist. LEXIS 137573, at *4–5 ("Rather than looking to past

convictions, the Court looks to the evidence in this case, i.e., the underlying offense conduct, in applying § 924(c)(3)(B).").

Both of the force clauses of the ACCA and § 924(c)(3)(A) focus on the elements of an offense, whereas the residual clauses focus on the "conduct" and "nature" of the offenses respectively. Under each force clause, a crime qualifies as a "violent felony" or "crime of violence" if one of its elements necessarily requires "the use, attempted use, or threatened use of physical force." The difference between the statutes is found in the residual clauses. *Compare* 18 U.S.C. 924(e)(2)(B)(ii) (focusing on "conduct"— "conduct that presents a serious potential risk of physical injury to another"); *with* 18 U.S.C. § 924(c)(3)(B) (focusing on "the nature" of the predicate offense, specifically asking the court to determine whether, "by its nature, [the offense] involves a substantial risk that physical force" may be used).

In his *Johnson* 2015 dissent, Justice Alito argued that the use of the different terms in the ACCA's force and residual clauses indicated that the term "conduct" referred to things done during the commission of an offense that were outside of the elements needed for conviction. *Johnson*, 135 S. Ct. at 2578 (Alito, J., dissenting). The dissent posited that, because these "extra actions" vary from case to case, it would be natural to interpret "conduct" to mean real-world conduct rather than "conduct in some Platonic ideal of the offense." *Id*. Even if this were true and the "actual case" analysis was proper for the ACCA's residual clause, Justice Alito's justification for the modified categorical approach would not extend to § 924(c)(3)(B)'s residual clause. The residual clause in this case focuses on "the nature" of the predicate offense. 18 U.S.C. § 924(c)(3)(B). The use of the terms "element" in the force clause and "nature" in the residual clause indicates that "nature" refers to things done during the commission that are generally considered inherent to the character of the offense but are not elements. Section

924(c)(3)(B) is even more standardless than the residual clause of the ACCA because there is no directive language that could possibly warrant review of case-specific "conduct." If the text of the ACCA's residual clause could not justify an "actual case" inquiry in *Johnson* 2015, the residual clause in this case certainly cannot either. The ordinary case inquiry remains the applicable form of analysis for § 924(c)(3)(B) and is unconstitutionally vague in light of *Johnson* 2015.

## **Conclusion**

Hobbs Act robbery does not qualify as a predicate "crime of violence" under either the force or residual clause of 18 U.S.C. § 924(c)(3). Robbery is not a crime requiring the use, attempted use, or threatened use of violent physical force, therefore it does not satisfy the "force clause" requirements according to *Johnson* 2010. As with the ACCA, § 924(c)(3)(B) requires courts to measure the risk by an indeterminate standard of a "judicially imagined 'ordinary case,'" and determine when a risk is sufficiently substantial by vague and arbitrary standards. These uncertainties render § 924(c)(3)(B) unconstitutionally vague according to *Johnson* 2015. As there is no legal basis for a conviction under 18 U.S.C. § 924(c), Mr. Marzouk is legally innocent of all counts. Accordingly, he respectfully requests this Court grant leave to withdraw his pleas of guilty so that he may file a motion to dismiss, pursuant to Rule 12(b)(3)(B)(v) of the Federal Rules of Criminal Procedure.

Finally, Mr. Marzouk is aware of the argument advanced by defense counsel in 3:15cr49 in support of a motion to withdraw guilty pleas. Mr. Marzouk respectfully requests permission to

adopt the arguments of defense counsel in that case, as well as the argument outlined above, in support of his motion to withdraw his guilty pleas in this case.

                    Respectfully submitted,
                    MICKEL L. MARZOUK

                    By:  /s/Amy L. Austin

                    Amy L. Austin
                    VSB No. 46579
                    The Law Office of Amy L. Austin, P.L.L.C.
                    101 Shockoe Slip, Suite M
                    Richmond, VA 23219
                    804.343.1900
                    804.343.1901 (fax)
                    amyaustinlawyer@gmail.com

## CERTIFICATE OF SERVICE

      I hereby certify that on November 16, 2015, a copy of the foregoing Motion to Withdraw Guilty Pleas was filed electronically with the Clerk of the Court using the CM/ECF filing system that will send electronic notification of such filing to the following:

Peter S. Duffy, Esquire
600 East Main Street
Suite 1800
Richmond, VA 23219
804.819.5400

                    By: /s/Amy L. Austin

                    Amy L. Austin
                    VSB No. 46579
                    The Law Office of Amy L. Austin, P.L.L.C.
                    101 Shockoe Slip, Suite M

Richmond, VA 23219  
804.343.1900  
804.343.1901 (fax)  
amyaustinlawyer@gmail.com